PETERSON, Judge,
concurring specially.
Appellant, Vivian Harris, alleged in her complaint that the City of Lake Helen was negligent for failing to impound a pit bull dog (“George”) that attacked her. The City had impounded George earlier but released him to the mother of the owner on the condition that George not be allowed again within the city limits. Harris alleged further that the City knew or should have known that the condition would be violated and that George, once again, would be loose within the city limits. The trial court granted the City’s motion to dismiss on the authority of Carter v. City of Stuart, 468 So.2d 955 (Fla.1985).
“Can a city be held liable for the failure to enforce its animal control ordinance?” was the question certified in Carter. The court’s negative response to the question was qualified by the comment, “[WJithin the factual context of the case before us, we hold that it cannot.” The court further commented:
Carter argues that there should be liability here because the circumstances left no room for discretion. The facts are clear that this contention cannot stand. This argument, however, does require our pausing short of saying that in no circumstances may a governmental unit be subjected to liability for the failure to enforce its laws. There may be some compelling circumstances, where there is no room for the exercise of discretion, which mandate action because it is clear that a government’s failure to act has caused a breach of duty. Where, if ever, such a situation exists will have to await another claim on another occasion.
Carter, at 957.
In the instant case, apparently, Harris was limited by the circumstances to plead only that the city had full knowledge of “the past history and experience concerning the dangerous propensity of the dog ‘George,’ and [by] allowing the dog to be returned to the [owner’s] residence in violation of its own [rules] and regulations, the City of Lake Helen knew or should have known the probability that said dog ‘George’ would again be loose on the streets of Lake Helen and posing a threat to the citizens of Lake Helen.” No facts were alleged to show any specific misdeed by George.
My purpose in this special concurrence is to forewarn government entities that absolute reliance upon the broad discretionary rule established in Carter may be misplaced. The majority opinion in Carter leaves a window of liability open. I suggest that, had Harris been able to plead, in addition to knowledge of George’s dangerous propensities, that the City had knowledge of a previous attack by George and that the City had an opportunity to impound George after knowing he had returned to his old haunts within the city, the result reached in this case may have been different. That insensitivity to the protection of the public goes beyond the facts presented by both the majority and the dissent in Carter. The dissenters in Carter would allow the application of traditional tort principles for releasing a vicious dog upon the public. Releasing a vicious dog and then knowingly allowing it once again to roam freely within the city’s jurisdiction is an invitation to disaster, and traditional tort principles should apply in that situation.